24 C.C.P.A.(Patents)

## DUERR & BROYLES v. POTTS.

### Patent Appeal No. 3710.

Court of Customs and Patent Appeals.
May 29, 1937.

Eugene C. Brown, of Washington, D. C., for appellants.

J. W. Schmied, of New York City, for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in an interference proceeding from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Examiner of Interferences awarding priority of the invention defined by appealed counts 5, 6, and 7, to appellee.

The interference is between appellants' patent No. 1,880,906, issued October 4, 1932, on an application filed July 9, 1931, and appellee's application, serial No. 529,268, filed April 10, 1931, for reissue of patent No. 1,708,954, issued April 16, 1929, on an application filed September 17, 1925.

Count 5 is illustrative of the appealed counts. It reads: "Count 5. In a telegraph system, a multiplex system terminating at a main station, a simplex system also terminating at said main station, means for transmitting corresponding marking and spacing conditions over said simplex system when marking and spacing conditions are received over said multiplex system, and means for applying marking conditions only to the simplex system when spacing conditions only are received over the multiplex system."

It appears from the record that an interference was declared on April 13, 1933, involving four counts, 1 to 4, inclusive; that the counts originated in appellants' patent; and that, on July 25, 1933, counsel for appellants moved to dissolve the interference as to counts 1 and 2 on the ground that appellee could not make them.

On July 26, 1933, appellee filed a motion to add to the interference claims in appellants' application corresponding to counts 5, 6, and 7, here involved. On August 18, 1933, appellee filed a supplemental motion to add such counts, and stated therein how, in his opinion, the involved counts read on his disclosure.

Appellants' motion to dissolve the interference as to counts 1 and 2, and appellee's motion to add thereto counts 5, 6, and 7, were set for hearing on November 6, 1933.

On March 17, 1934, the Examiner of Interferences denied appellants' motion to dissolve as to counts 1 and 2, and granted appellee's motion to amend the interference by adding counts 5, 6, and 7.

In granting appellee's motion to amend, the examiner said: "Each of the proposed counts A, B and C is found to read on the Potts disclosure as applied thereto by the moving party. As no brief has been filed in opposition to this motion, it is deemed necessary [unnecessary] to discuss it in detail."

On June 12, 1934, the interference was reformed by the addition of the involved counts—5, 6, and 7.

As the date alleged in appellants' second preliminary statement for conception of the invention defined by the involved counts was subsequent to the filing date of appellee, appellants, on August 7, 1934, were ordered to show cause, on or before September 7, 1934, why judgment on the record should not be entered against them as to counts 5, 6, and 7; a similar order having been previously entered as to counts 1, 2, 3, and 4.

In response to the order to show cause, appellants, on September 7, 1934, filed a motion to dissolve the interference as to all of the counts in issue—1 to 7, inclusive. As to the counts here involved, 5, 6, and 7, ap-

pellants set forth the decision of the Primary Examiner holding that appellee could not make them, and argued that the decision of the Primary Examiner was correct. The motion also contains an argument as to why the interference should be dissolved as to all of the counts in issue, because of the inoperativeness of appellee's device.

On September 13, 1934, appellants' motion to dissolve was dismissed. In his decision, the Examiner of Interferences stated: "Counts 5, 6 and 7 were added to the issue by motions under Rule 109. According to paragraph 2 of said rule, motions to dissolve with regard to added claims will not be considered where questions raised could have been disposed of in connection with the admission of the claims. Obviously any proper question sought to be raised by Duerr and Broyles' motion to dissolve filed September 7, 1934, could have been disposed of in connection with the admission of the claims as the result of Potts' motions to add counts."

Thereupon, the Examiner of Interferences awarded priority of invention to appellee as to all the counts then in issue—1 to 7, inclusive.

On September 14, 1934, counsel for appellants filed a motion requesting that the decision of the Examiner of Interferences be set aside, and a rehearing granted.

The motion to reopen was set for hearing on October 3, 1934, and, a hearing having been had, was denied by the Examiner of Interferences on October 8, 1934.

Thereafter, appellants requested reconsideration of their motion to reopen, and consideration of their motion to dissolve. That request was denied by the Examiner of Interferences on November 2, 1934. Thereupon, on November 3, 1934, an appeal was taken to the Board of Appeals, and, on the same day, appellants petitioned the Commissioner of Patents to exercise his supervisory authority and restore jurisdiction to the Examiner of Interferences for the purpose of permitting them to take testimony relative to the alleged inoperativeness of appellee's device.

On December 14, 1934, the commissioner denied appellant's petition.

On March 12, 1935, a little over four months after appellants had taken the appeal to the Board of Appeals, they filed notice of a statutory bar.

In its decision, the board, citing rule 130 of the Rules of Practice in the United States Patent Office, refused to consider the allegations contained in the notice of a statutory bar, because the notice was filed too late and concerned a matter which had not theretofore been considered in the record. The board held that appellee was not entitled to make counts 1 and 2, then in issue, and stated that the motion to dissolve as to those counts should have been granted. With reference to counts 5, 6, and 7, the board said:

"Previously and within the proper motion period, Potts had moved to add proposed claims A, B and C as counts 5, 6 and 7. This motion had been granted at the time the above motion of Duerr et al. as to counts 1 and 2 had been denied. Duerr et al. did not oppose the new counts at the time they were proposed but after the Examiner had issued an additional order to show cause in respect to these new counts, Duerr et al. presented a motion to dissolve with respect to them—paper 21. It was held by the Examiner of Interferences that such questions should have been disposed of in connection with the arguments on motions to amend with respect to these proposed counts 5, 6 and 7. The Duerr et al. motion in respect to counts 5, 6 and 7 was accordingly not set for hearing and was dismissed by the Examiner of Interferences—paper 22. It appears therefore that under the practice of Rule 130, any contentions as to counts 5, 6 and 7 are not properly before us for consideration since this matter was never presented by timely motion or treated on its merits or decision rendered with respect thereto by the Examiner of Interferences.
* * *

"It is noted that count 7 contains a limitation in respect to this different rate of storing and repeating. It is recommended that this claim be considered on ex parte treatment of the Potts application by the Primary Examiner in accordance with our decision unless our conclusions in this respect are modified on appeal."

Thereupon, the board reversed the Examiner of Interferences as to counts 1 and 2, and held that appellee was not entitled to make them, but affirmed the examiner as to counts 3 to 7, inclusive, and awarded priority to appellee as to those counts.

Appellee did not file an appeal to this court from the decision of the Board of Appeals holding that he could not make counts 1 and 2.

Appellants appealed from the board's decision as to counts 5, 6, and 7 only.

Rule 109 of the Rules of Practice in the United States Patent Office provides that: "New preliminary statements will be received as to the added claims, but motions for dissolution with regard thereto will not be considered where the questions raised could have been disposed of in connection with the admission of the claims."

Rule 130, supra, referred to by the Board of Appeals, so far as pertinent to the issues here, reads: "130. Where the patentability of a claim to an opponent is material to the right of a party to a patent, said party may urge the nonpatentability of the claim to his opponent as a basis for the decision upon priority of invention. A party shall not be entitled to raise this question, however, unless he has duly presented and prosecuted a motion under rule 122 for dissolution upon this ground or shows good reason why such a motion was not presented and prosecuted. When the primary examiner has denied such a motion for dissolution the question shall not be reinvestigated by the examiner of interferences except in view of evidence which was not before the primary examiner when the motion was considered, but it may be raised before the appellate tribunals on appeal from the award of priority."

It will thus be seen that, under rule 109, supra, the Examiner of Interferences refused to again consider the right of appellee to make counts 5, 6, and 7, because no opposition to the addition of them to the interference was made by appellants at the hearing on appellee's motion to add claims corresponding thereto.

It will further be noted, as stated by the board in its decision, that appellants "did not oppose the new counts at the time they were proposed but after the Examiner had issued an additional order to show cause in respect to these new counts, Duerr et al. presented a motion to dissolve with respect to them—paper 21." The board, therefore, refused to consider appellee's right to make counts 5, 6, and 7, because of the provisions of rule 130, supra, that: "A party shall not be entitled to raise this question [the right of a party to make claims constituting the counts in issue], however, unless he has duly presented and prosecuted a motion under rule 122 for dissolution upon this ground or shows good reason why such a motion was not presented and prosecuted."

It seems to be clear from the quoted provisions of rule 109, supra, that as appellants failed to raise objections, either orally or in writing, at the hearing on appellee's motion to add claims corresponding to counts 5, 6, and 7, they are not "entitled to raise the question of the right of appellee" to make those counts under rule 130, supra, because they have not "duly presented and prosecuted a motion under rule 122 for dissolution upon" the ground that appellee could not make claims corresponding to counts 5, 6, and 7, nor have they shown "a good reason why such a motion was not presented and prosecuted."

Counsel for appellants concedes that he made no written objection at the hearing on appellee's motion to make claims corresponding to counts 5, 6, and 7. He argues, however, that he orally opposed it.

Counsel for appellee contends that counsel for appellants did not orally oppose the addition of those counts to the interference.

We do not, of course, question the veracity of counsel for either of the parties. However, we have been unable to find anything of record to indicate that counsel for appellants, either orally or otherwise, opposed the addition of claims corresponding to counts 5, 6, and 7 at the hearing before the Examiner of Interferences.

It would seem to be clear from the decision of the Examiner of Interferences of September 13, 1934, that he was of opinion that counsel for appellants did not raise any objection to the addition of counts 5, 6, and 7 to the interference, and, therefore, he refused to reconsider his original decision holding that appellee was entitled to make those counts.

That the Board of Appeals was of the same opinion is clear from its decision.

In view of the fact that the Board of Appeals held that appellee's right to make claims corresponding to counts 5, 6, and 7 was not an issue which it had any right to consider, for the reasons stated in its decision, in which we concur, and as the board did not consider that issue, it will not be considered by this court. In re Otto Schmidt and Johannes Ufer, 45 F.(2d) 916, 18 C.C.P.A.(Patents) 827, and cases cited; Herthel and Tifft v. Dubbs, 65 F.(2d) 138, 20 C.C.P.A.(Patents) 1128; Angell v. Morin, 69 F.(2d) 646, 21 C.C.P.A.(Patents) 1018; Josleyn v. Hulse, C.D.1908, 34.

No other issue having been raised in the amended notice of appeal to this court, the decision of the Board of Appeals is affirmed.

Affirmed.